# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 08-777V
**Filed: September 16, 2015**

| | |
|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | UNPUBLISHED |
| EMILY HARBORTH, as independent | |
| executrix of the Estate of DENNIS | |
| HARBORTH, | |
| | Special Master Gowen |
| Petitioner, | |
| | Joint Stipulation on Damages; |
| v. | Influenza ("Flu") Vaccine; |
| | Joint pain; Myalgias; Fatigue. |
| SECRETARY OF HEALTH | |
| AND HUMAN SERVICES, | |
| | |
| Respondent. | |
| | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | |

Scott R. Doody, Law Offices of Scott R. Doody, Fort Worth, TX, for petitioner.
Althea W. Davis, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

On October 30, 2008, decedent Dennis Harborth ("Mr. Harborth") filed a petition pursuant to the National Vaccine Injury Compensation Program,[2] 42 U.S.C. §§ 300aa-1 to -34 (2006), alleging that as a result of receiving an influenza ("flu") vaccine on November 1, 2005 he sustained the first symptom or manifestation of joint pain, myalgias, arthralgias, fatigue, and impaired endurance on or about November 12, 2005. Stipulation ¶ 2, 4. Further, Mr. Harborth alleged that

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

he experienced residual effects of his injury for more than six months. Id. Upon the passing of Mr. Harborth on March 12, 2013, the court granted petitioner's counsel's motion to substitute Emily Harborth as petitioner herein on April 3, 2013.

On September 16, 2015, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that the flu vaccination caused Mr. Harborth's alleged injuries or his death.  Id. at ¶ 7.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum of $11,000.00, in the form of a check payable to petitioner, Emily Harborth, as the legal representative of the Estate of Dennis Harborth.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

Id. at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

The clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| EMILY HARBORTH, as Independent Executrix of the Estate of DENNIS HARBORTH, ) ) ) ) | |
| Petitioner, ) ) | No. 08-777V Special Master Gowen ECF |
| v. ) ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) | |
| Respondent. ) ) | |

STIPULATION

The parties hereby stipulate to the following matters:

1. Dennis Harborth ("Mr. Harborth") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program").[1] The petition seeks compensation for injuries allegedly related to his receipt of the influenza vaccine ("flu"), which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Mr. Harborth received a flu vaccine on November 1, 2005.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Mr. Harborth sustained the first symptom or manifestation of joint pain, myalgias, arthralgias, fatigue, and impaired endurance on or about November 12,

---

[1]  Dennis Harborth filed a petition under the Vaccine Program on October 30, 2008, seeking compensation for injuries allegedly caused by an influenza vaccination he received on November 1, 2005. On March 12, 2012, Mr. Harboth passed away. On May 24, 2012, Emily Harborth was appointed Independent Executrix of the Estate of Dennis Harborth. On April 3, 2013, the court granted petitioner's motion to substitute Emily Harborth as petitioner herein.

1

2005. Petitioner further alleges that he suffered the residual effects of his alleged injuries for more than six months.

5.  Mr. Harborth died on March 12, 2012, due to ischemic cardiomyopathy.

6.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Dennis Harborth as a result of his alleged vaccine injury.

7.  Respondent denies that the flu vaccine caused Mr. Harborth's alleged injuries or his death.

8.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

9.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $11,000.00 in the form of a check payable to petitioner, as the legal representative of the Estate of Dennis Harborth.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

10.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to

paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner has filed documentation establishing her appointment as Independent Executrix of the Estate of Dennis Harborth under the laws of the State of Texas.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as Independent Executrix of the Estate of Dennis Harborth, on behalf of Dennis Harborth's Estate and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Dennis Harborth resulting from, or alleged to have resulted from, the flu vaccination administered on November 1, 2005, as alleged in a petition for vaccine compensation filed on or about October 30, 2008, in the United States Court of Federal Claims as petition No. 08-777V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties= settlement and this Stipulation shall be voidable at the sole discretion of either party.

3

15.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Harborth's joint pain, myalgias, arthralgias, fatigue, and impaired endurance, or any other injury; or that Dennis Harborth's death occurred as the result of a vaccine-related injury.

17.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of the Estate of Dennis Harborth.

END OF STIPULATION

/

/

/

/

/

4

Respectfully submitted,

**PETITIONER:**

*Emily Harborth*

EMILY HARBORTH

**ATTORNEY OF RECORD FOR PETITIONER:**

SCOTT DOODY, ESQUIRE
420 Throckmorton Street
Suite 200
Fort Worth, Texas 76102
(817) 230-4584

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury Compensation
Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857
5600 Fishers Lane

**ATTORNEY OF RECORD FOR RESPONDENT:**

ALTHEA WALKER DAVIS
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-0515

Dated 16 September 2015

5