# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 08-777V
Filed: May 18, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| EMILY HARBORTH, *as* | * | |
| *independent executrix of the Estate* | * | |
| *of* DENNIS HARBORTH, | * | |
| | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Scott R. Doody, Law Offices of Scott R. Doody, Fort Worth, TX, for petitioner.
Althea W. Davis, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 30, 2008, decedent Dennis Harborth ("Mr. Harborth") filed a petition pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 to 34 (2012). Mr. Harborth alleged that as a result of receiving an influenza ("flu") vaccine on November 1, 2005, he sustained the first symptom or manifestation of joint pain, myalgias, arthralgias, fatigue, and impaired endurance on or about November 12, 2005. See Decision, filed Sept. 16, 2015. Further, Mr. Harborth alleged that he experienced residual effects of his injury for more than six months. Id.

Upon the passing of Mr. Harborth on March 12, 2012, the court granted petitioner's counsel's motion to substitute Emily Harborth as petitioner in this matter on April 3, 2013. On September 16, 2015, the parties filed a stipulation in which they stated that a decision should be

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

entered awarding compensation. The undersigned issued a Decision pursuant to the parties' stipulation the same day.

On April 16, 2016, petitioner filed an application for attorneys' fees and costs, requesting $70,003.34 in attorneys' fees, and $7,091.34 in attorneys' costs, for a total fees and costs award of $77,094.68. See Pet'r's App. at 19. In accordance with General Order #9, petitioner's counsel states that petitioner was not charged for any expenses in this matter, nor did petitioner pay a retainer fee. Id. at 3; See also id. at 23 (note from petitioner stating that she did not give counsel money at any time). Respondent filed a response to petitioner's application on April 29, 2016, stating:

> Based on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims, respondent asserts that a reasonable amount for fees and costs in the present case would fall between $37,000.00 to $57,000.00. Respondent therefore respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs within that range.

Resp's Resp. at 3 (footnote omitted). Petitioner did not file a reply. This matter is now ripe for adjudication.

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). In the present case, petitioner was awarded compensation pursuant to a joint stipulation agreement. Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

### a.      Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Avera, 515 F.3d at 1347-48. In determining an award of attorneys' fees, a court should generally use the forum rate, i.e., the District of Columbia rate. Id. at 1348. However, an exception to the forum rule applies where the bulk of an attorney's work is performed outside of the forum, and where there is a "very significant" difference in compensation rates between the place where the work was performed and the forum. Id. at 1349

(citing Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cl. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).

### i.  Hourly Rate

Petitioner requests the following hourly rates for attorney Scott Doody:

- $250 for work performed in 2008
- $275 for 2009
- $300 for 2010
- $325 for 2011
- $350 for 2012
- $375 for 2013
- $400 for 2014
- $425 for 2015
- $450 for 2016

See generally, Pet'r's App. at 5-18.[2]

As stated above, forum rates should be used to determine an attorney's hourly rate except when the majority of an attorney's work is done outside of the forum and there is a "*very significant* difference in compensation favoring D.C.*"* Avera, 515 F.3d at *1349 (quoting Davis County, 169 F.3d at 758) (emphasis in original). In this case, the first factor is met, as it appears that all of Mr. Doody's work was performed outside of Washington, D.C. at his office in Fort Worth, Texas. See Pet'r's App. at 3. Thus, it must be determined whether local Forth Worth rates are "very significantly" different than Washington, D.C. forum rates.

### Forum Rate

The issue of reasonable forum rates was recently ruled upon by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). McCulloch found the following ranges appropriate for work performed in 2014 and 2015:

---

[2] The undersigned notes that .10 hours were mistakenly billed for April 16, 2019. Pet'r's App. at 18. The undersigned will treat this as a 2016 billing entry.

- $300 to $375 per hour for attorneys with 11 to 19 years of experience
- $275 to $350 per hour for attorneys with 8 to 10 years of experience
- $225 to $300 per hour for attorneys with 4 to 7 years of experience

McCulloch, 2015 WL 5634323, at *19.  The exact rate awarded within each range depends on the special master's judgment of the attorneys' years of experience in practice and in the Vaccine Program in particular, quality of advocacy in vaccine cases, and reputation in the legal community and community at large.  2015 WL 5634323, at *17-*19.  The higher end of the range should be awarded to those with significant Vaccine Program experience who perform high quality legal work in vaccine cases.  Id. at *19.

Mr. Doody states that he has been practicing law for over 10 years.  Pet'r's App. at 3.  More specifically, the undersigned notes that it appears he has been licensed to practice for 14 years, since 2002.[3]  Based on a search of CM/ECF, it appears that Mr. Doody has only had four cases in the Program, including this one.  Mr. Doody secured a very modest award of compensation for petitioner in this case.  However, Mr. Doody pursued a weak case in terms of the Althen requirements for compensation in the Program.  He also repeatedly missed deadlines over the span of the case despite repeated warnings that failure to comply with court orders can result in dismissal of the petition.  See, e.g., Order, filed Dec. 19, 2014; Final Order to Show Cause, Dec. 19, 2011; Order, filed Nov. 18, 2011; Order, filed June 28, 2011; Order, filed January 31, 2011; Order, filed June 29, 2010; Order, filed December 22, 2009; Order, filed June 22, 2009.  I find that Mr. Doody would be entitled to the low end of the forum rate ranges established in McCulloch.

In addition, I note that at the time this case was filed in October 2008, Mr. Doody would have had only 6 years of experience.  As of 2010, he would have had 8 years of experience, and as of 2013 he would have had 11 years of experience.  Thus, Mr. Doody's rate must be adjusted to reflect the fact that he has not been in the McCulloch category of attorneys with 11 to 19 years of experience for the duration of the case.  **Accordingly, I find that Mr. Doody would be entitled to the following forum rates: $225 per hour for work performed in 2008 and 2009; $275 for work performed in 2010 to 2012; and $300 per hour for work performed from 2013 to present.**

### Local Rate

Petitioner submitted relatively little evidence of prevailing Fort Worth rates.  First, Mr. Doody's affidavit states that his practice focuses on matters such as medical malpractice, complex business litigation, and complex appellate cases.  Id. at 3.  He states that he "handle[s] complex contingency fee matters and hourly fee matters at a rate of $700 per hour."  Id. at 3.  Second, affidavits from Harris Hughey and Brooks Lynn, attorneys practicing in Forth Worth, Texas, state that Mr. Doody "bills out at $500 to $700 per hour, which based on [their]

---

[3] See *Find a Lawyer*, STATE BAR OF TEXAS, https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=207944 (last visited May 10, 2016).

knowledge and experience in this locale is a fair and equitable rate for an attorney of Mr. Doody's skill and knowledge in handling complex litigation matters." Id. at 20-21.

The affidavits submitted provide some evidence of Mr. Doody's usual rate for "complex litigation," and the prevailing rate in Fort Worth, Texas, for such services. However, it is difficult to directly compare the $500 to $700 rate he charges for "contingency fee matters and hourly fee matters" to vaccine case work. It is not clear whether the $500 to $700 rate represents a calculation of his "hourly" rate based on attorneys' fees he receives on a contingency basis, as seems likely in his medical malpractice work, nor is it clear how that rate could be calculated in a contingency fee case. In addition, if Mr. Doody receives a true hourly rate of $500 to $700 for complex business litigation and appellate cases, it is not clear how "similar" those services are to vaccine work.

"When the parties do not provide reliable evidence, the court can look to other evidence to establish a reasonable hourly rate." Dougherty v. Sec'y of Health & Human Servs., 2011 WL 5357816 at *6 (Fed. Cl. Spec. Mstr. Oct. 14, 2011) (citing Rupert ex rel. Rupert, v. Sec'y of Health & Human Servs., 52 Fed. Cl. 684, 688–89 (2002)). In Tieu Binh Le v. Sec'y of Health & Human Servs., No. 07-895V, 2014 WL 4177331, *4 (Fed. Cl. Spec. Mstr. July 31, 2014), the undersigned found that counsel's requested rate of $295 per hour was reasonable for a Dallas-Forth Worth based attorney with 29 years of experience for work performed between 2005 and 2012. Although the requested rate was based on the prevailing market rate in Dallas, Texas, the requested rate also fell within the forum range for Washington, D.C., and the undersigned stated that "the Davis exception need not be applied" as there was no significant difference between the forum rate and the local rate. Id. In Whitener v. Sec'y of Health & Human Servs., No. 06-895V, 2011 WL 1467919, at *7 (Fed. Cl. Spec. Mstr. Mar. 25, 2011), counsel with 29 years of experience in the Dallas-Fort Worth area and four vaccine cases in the Vaccine Program requested a rate of $300 per hour for work performed between 2005 to 2010. The requested rate was based on prevailing rates in the Dallas-Fort Worth area. Id. However, the special master noted that the requested rate fell in the middle of the forum rate range, and therefore she "need not apply the Davis exception," as there was not a "very significant difference in compensation favoring D.C." Id.

Both Tieu Binh Le and Whitener found that there was not a very significant difference between Dallas-Forth Worth and Washington, D.C. rates, as the requested local rates fell well within the established forum rates, and the Davis exception therefore did not apply (meaning that forum rates were awarded). These cases were decided prior to McCulloch, and therefore utilized different forum rates for comparison than are appropriate in this case. However, the local rates used in Tieu Binh Le and Whitener, $295 and $300 per hour respectively, are not very significantly different from forum rates that would be appropriate under McCulloch. These rates were awarded to attorneys with more than 20 years of experience for work performed in 2005 through 2012. Under McCulloch, the appropriate 2014/2015 rate for such attorneys would be $350 to $425. Even without considering inflation since 2010, the difference between a local rate of $300 and a forum rate of $350 is only 16.7%. Accordingly, as no evidence was submitted to indicate that Dallas-Fort Worth attorney fees are very significantly less than Washington, D.C. rates, **I find that Mr. Doody is entitled to the forum rate.**

### ii. Hours Expended

Petitioner requests compensation for 253.4 hours of work performed by Mr. Doody between 2008 and 2016. See Pet'r's App. at 5-18. Petitioner submitted a detailed billing log that sufficiently identifies the services performed. See generally, id. Upon review of petitioner's application, the undersigned notes that counsel appropriately reduced the rate billed for time spent travelling to ½ of his usual rate, with the exception of a total of 9 hours billed on April 28, 2011, for travel to and from a client meeting. Id. at 9-10. As there is no indication that counsel performed any case work during this travel time, the undersigned finds it appropriate to compensate this travel time at ½ rate, like all other travel time in this case. See, e.g. Hocraffer v. Sec'y of Health & Human Servs., No. 99-533, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011) ("Special Masters consistently award compensation for travel time at 50% of counsel's billing rate. Whether counsel bills at half rate during travel depends on whether counsel is working while travelling"). **Accordingly, the undersigned will compensate all travel time at ½ rate.**

### b. Costs

Petitioner requests $7,091.34 in attorneys' costs. Pet'r's App. at 19. Upon review, the undersigned finds the requested costs, which consist of the filing fee, medical record fees, and expert fees, reasonable. Accordingly, as requested, **the undersigned awards $7,091.34 in attorneys' costs.**

## II. Conclusion

The undersigned finds a total attorneys' fees and costs award of $63,126.34 reasonable. This represents the following:

**Fees**                                                      **$56,035.00**

| Years of Experience | Year | Fees |
|---|---|---|
| 6 | 2008 | $5,805.00 (17.8 hours at $225 per hour, 16 hours at $112.5 per hour) |
| 7 | 2009 | $1,912.50 (8.5 hours at $225 per hour) |
| 8 | 2010 | $10,615.00 (38.6 hours at $275 per hour) |
| 9 | 2011 | $11,082.50 (22.3 hours at $275 per hour, 36 hours at $137.50 per hour) |
| 10 | 2012 | $6,490.00 (13.6 hours at $275 per hour, 20 hours at $137.50 per hour) |
| 11 | 2013 | $5,280.00 |

|    |      |                                                                 |
|----|------|-----------------------------------------------------------------|
|    |      | (17.6 hours at $300 per hour)                                   |
| 12 | 2014 | $7,980.00                                                       |
|    |      | (22.1 hours at $300 per hour, 9 hours at $150 per hour)         |
| 13 | 2015 | $6,750.00                                                       |
|    |      | (13.5 hours at $300 per hour, 18 hours at $150 per hour)        |
| 14 | 2016 | $120.00                                                         |
|    |      | (.4 hours at $300 per hour)                                     |

**Costs**                                                $7,091.34

**Total Fees and Costs Awarded**                         **$63,126.34**

Respondent makes a general suggestion that "[b]ased on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims. . . a reasonable amount for fees and costs in the present case would fall between $$37,000.00 to $57,000.00." Resp's Resp. at 3. Respondent does not specifically identify the "similar cases" upon which her suggestion is based, and the undersigned is impressed that the number of hours expended by counsel in preparing a given case has greater reference to individual complexities of the case, rather than to a type of disease or other general category of cases. The time records of counsel provide the best evidence of hours expended. As respondent states, "special masters may rely on their prior experience in making reasonable fee determinations." Id. at 2. Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total of $63,126.34 reasonable.

The undersigned awards attorneys' fees and costs as follows:

(1) **A lump sum of $63,126.34 in the form of a check payable jointly to petitioner and petitioner's counsel, Scott R. Doody, of the Law Offices of Scott R. Doody, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.